**In re HEATRON, INC., Debtor.**

**Bankruptcy No. 80–02656–2–11.**

United States Bankruptcy Court,
W. D. Missouri.

Aug. 26, 1980.

## ORDER AUTHORIZING EMPLOYMENT OF ATTORNEY

JOEL PELOFKY, Bankruptcy Judge.

In this Chapter 11 proceeding, the debtor has made application for the appointment of an attorney to represent the debtor in possession and has proposed hiring the attorney who was representing this debtor before the filing, who assisted in the filing, and who happens to be one of the ten largest creditors. The debtor represents that an attorney is necessary to further proceedings and the attorney proposed does not represent any creditors and has no interest adverse to the debtor or the estate.

Section 1107, Title 11, U.S.C., gives the debtor in possession the same rights and powers as a trustee, with certain exceptions not relevant here. The section goes on to state that "notwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case."

Section 327(a), Title 11, U.S.C., authorizes "the trustee, with the court's approval [to] employ . . . attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." Section 327(b) of the Title goes on to say that "if the trustee is authorized to operate the business of the debtor . . . and if the debtor has regularly employed attorneys . . . the trustee may retain or replace such professional persons if necessary in the operation of such business."

It is clear that the services of an attorney are necessary in the preparation of a plan under Chapter 11. It is clear also that the attorney who has represented the debtor in the past and who has filed the petition, absent some extraordinary circumstance, is the one most familiar with the debtor's problems and capabilities and the one who

can most efficiently and economically assist in proceedings under the Chapter.

The reference in Section 1107 to Section 327(a) considerations presents a problem of statutory construction. It is plain enough that the fact of prior representation is not disqualifying. But what of the other qualifications, i. e., not holding an adverse interest and being disinterested?

■ The word "adverse" is not defined in the Code. In a reorganization proceeding, the unsecured creditor is in an ambiguous position. He stands to lose a great deal in liquidation and may obtain something of value if the plan succeeds. Thus, the unsecured creditor has incentive to support a reorganization proceeding, although he may not support the plan when it is proposed. It cannot be said absolutely that being an unsecured creditor creates a position adverse to the debtor.

On the other hand, the phrase "disinterested person" is defined in Section 101(13) of the Code to mean "not a creditor." Here, the attorney whom debtor proposes to hire is not disinterested. It would be unusual to find an attorney representing the debtor prior to filing who was not owed some amount, but to find one who is one of the ten largest creditors may be equally unusual.

■ In reviewing questions of the propriety of the trustee hiring attorneys, the Courts have emphasized that there must be the avoidance of conflict, actual or apparent. The foremost consideration has to be the attorney's ability to serve the best interests of the bankrupt. *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939). Thus, where the attorney represented a substantial creditor who was seeking a preferred status, the same attorney could not, loyally and without reservation, represent the trustee also. *In re Chicago Rapid Transit Co.*, 93 F.2d 832 (7th Cir. 1937). In a similar situation, where attorneys advised the debtor's officers not to answer questions based upon constitutional privilege, these same attorneys could not represent the trustee in litigation where the cooperation of the officers was essential to the success of the trustee's case. *In re Tauber on Broadway, Inc.*, 271 F.2d 766 (7th Cir. 1959).

■ On the other hand, where the interests of the trustee and a creditor are similar, the same attorney can be used in light of consideration of saving time and expense. *Dallas Cabana, Inc. v. Collier*, 469 F.2d 606 (5th Cir. 1972). Cf. *In re Mortgage Guarantee Co.*, 40 F.Supp. 226, 239 (D.Md.1941). Similarly, where the attorneys represent several debtors in a reorganization and the conflict is more apparent than real, the Court will permit the appointment of the attorneys subject to objection at a later date. *Katz v. Kilsheimer*, 327 F.2d 633 (2nd Cir. 1964).

■ The Court concludes that an attorney who has represented the debtor prior to the filing of the bankruptcy proceeding, who assisted in the preparation of the petition and who is a major creditor, without more, does not have an interest adverse to the debtor.

But it is also true that such an attorney is not disinterested. The various statutes, however, suggest that the presence of this interest is not disqualifying when it is the debtor in possession, cloaked in the powers of the trustee, who proposes to hire the attorney. The language of Section 327(b), when taken with the proviso in Section 1107(b), creates a distinction between the hiring of an attorney as representative of the trustee generally and the hiring of an attorney to assist in the operation of the business. The fact that the attorney is interested, in the sense of being a creditor because of prior service to the debtor, has less significance when his service to the estate will be only a continuation of that prior function. The interest does not offset the value afforded by the attorney's experience and familiarity with the affairs of the debtor.

The application of the debtor to employ Charles A. Darby as attorney for the debtor in possession is SUSTAINED, subject to review from time to time and subject to

reconsideration upon objection of creditors. The proposal to retain counsel upon general retainer is not sustained. Fees shall be allowed to counsel upon motion of the debtor in possession, based upon a description of services rendered and time incurred.

So ordered.