In re CAREER CONCEPTS, INC., fka United Personnel, Inc., Debtor.

Bankruptcy No. 81C–01939.

United States Bankruptcy Court, D. Utah.

March 30, 1983.

Opinion on Attorney Fees June 13, 1983.

Dana Sohm, Glen W. Park & Associates, Keith E. Sohm, Floyd A. Jensen, The Mountain States Tel. & Tel. Co., Harriet E. Styler, Barbara Richman, Asst. U.S. Atty., Salt Lake City, for debtor.

## MEMORANDUM DECISION ON APPOINTMENT AND COMPENSATION OF KEITH AND DANA SOHM AS ATTORNEYS FOR DEBTOR

GLEN E. CLARK, Bankruptcy Judge.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 22, 1981, Keith E. Sohm, acting as attorney for Career Concepts, Inc., filed a petition for relief under chapter 11. The petition was signed by Dallan L. Sohm as Secretary/Treasurer of debtor. Keith E. Sohm is the father of Dallan L. Sohm.

On June 5, 1981, Keith E. Sohm filed a statement of fees pursuant to Rule 219, Bankr.R.P., indicating that he had been paid $3,500.00 and was to be paid $1,500.00. The statement indicated that Keith Sohm would "share compensation with Dana Sohm (assisting attorney) in an equitable manner." Keith Sohm is the father of Dana Sohm.

On June 9, 1981, a committee of creditors was appointed by the Court. By mistake, Keith E. Sohm was appointed a member of the committee.

On June 17, 1981, Dallan L. Sohm filed with the Court a letter dated June 15, 1981 in which Dallan L. Sohm's position with debtor is given as "Executive Vice-President."

On October 30, 1981, at debtor's request, the case was converted to a case under chapter 7.

On December 7, 1981, Keith E. Sohm and Dallan L. Sohm filed with the Court a "Petition To Distribute Funds on Hand." The petition represented that debtor had $5,753.74 in a trust account it had received "during the course of business since filing this action" and "as a result of negotiations and contract work by Dallan L. Sohm and his attorney Keith E. Sohm." The petition was accompanied by the affidavit of Dallan L. Sohm, who described himself as "manager" of the debtor. The affidavit represented that the efforts of Dallan L. Sohm produced income to debtor of $10,005.70 and requested an order permitting payment of $147.00 to the Utah Tax Commission, $359.44 to the I.R.S., $1,525.00 to Dallan L. Sohm, and $893.00 to Industrial Consultants Inc., for a total of $2,924.44. The petition was not noticed for a hearing.

On April 7, 1982, debtor moved for an order permitting the same distribution of money requested on December 7 and, in addition, permitting the payment of $250.00 to Keith E. Sohm for attorney's fees.

On May 18, 1982, the Court held a hearing on debtor's motion of April 7. Keith E. Sohm appeared. The minute entry reflects the following order: "With respect to atty's fees, the law requires that an atty. for debtor be appointed by the Court;

Court is not aware that Sohm has been appointed as counsel. Court appoints Sohm as counsel for the debtor retroactive and directs Sohm to file his claim for fees together with his affidavit which shows that he is a disinterested party and has no fee splitting arrangements; fees are to be itemized."

On May 21, 1982, Keith E. Sohm filed a verified petition for attorney's fees. The petition indicated that Keith E. Sohm was "attorney for the Creditor's Committees and as such is a disinterested party and has no fee splitting arrangements with any person or party, creditor or debtor or officers connected therewith." The petition requested an allowance of $1,590.00 in fees to Sohm as "Counsel for Creditor's Committee." Notice was given to the chapter 7 trustee and to only two creditors.

On May 27, 1982, the United States of America, a creditor, filed an objection to Keith E. Sohm's May 21 application for fees on the ground that Sohm's representation of the debtor disqualified him from representation of the committee.

On June 8, 1982, Dana Sohm submitted a proposed order to the Court on the Court's ruling at the hearing held on May 18, 1982. The Court signed the order, which provides, in paragraph 5, that "Upon his filing of an affidavit showing his qualifications and amending his May 21, 1982, affidavit to show that he has performed no services for the creditors committee but only services for the debtor (if that is the fact), Keith E. Sohm is retroactively appointed to be Attorney for the debtor under chapter 11 and chapter 7. As such, Mr. Sohm may file an itemized application for attorneys fees in accordance with the law together with his affidavit showing that he is a disinterested party and has no fee splitting arrangement."

On December 17, 1982, Keith E. Sohm filed an application for $2,360.60 in attorney's fees. Accompanying the application were the affidavits of Keith E. Sohm and Dana Sohm. The affidavit of Keith E. Sohm says that he "is the attorney for the Debtor and does not represent the creditors

committee or any creditor and, as such, is a disinterested party." The affidavit of Dana Sohm says that he "is an attorney who is associated with Keith E. Sohm for the purpose of providing legal services for Debtor in this case." This affidavit says nothing about disinterestedness.

On December 27, 1982, Mountain States Telephone and Telegraph Company, a creditor, filed an objection to the application of December 17 "on the grounds that the fees claimed therein are not reasonable, and do not represent work done to preserve the debtor's estate, but rather are an attempt to deplete the estate to the detriment of its creditors."

On January 27, 1983, a hearing on Keith Sohm's application of December 17 was held. The Court expressed its concern that the application was brought by an insider and that insiders are forbidden from being employed as counsel for debtors. Keith Sohm was permitted to amend his application to show which of Dana Sohm's fees were incurred after June 8, 1982, the date of the Court's order on the May 18 hearing. The Court ruled that these fees would be allowed at the rate of $40.00 per hour and that fees incurred before June 8 would be denied. The Court ruled that since all of Keith Sohm's fees were incurred before June 8, they were denied. The Court ruled, however, that Dana Sohm could submit a memorandum to attempt to persuade the Court that he can be employed. If the memorandum persuaded the Court that he could be employed, he would be permitted oral argument. Mountain States Telephone was given ten days to file a responsive brief.

On February 8, 1983, Keith E. Sohm filed a brief. After ten days, Mountain States Telephone had not responded. The Court now files this memorandum decision on the issues before the Court.

## DISCUSSION

At the January 27 hearing, the Court reserved only the issue of whether Dana Sohm could be paid for services rendered after June 8, 1982. Upon reconsideration, however, the Court believes it appropriate to rethink all of the issues surrounding the employment and compensation of the Sohms.

■ First, it is appropriate to review the legal status of the Sohms' representation of debtor to this point. Until June 8, 1982, the Sohms were not appointed counsel for debtor. Thus, up to that point, they were entitled to no compensation for their services rendered to the debtor while it was a debtor in possession in chapter 11. Unappointed counsel are not entitled to fees.

■ Under Section 327(a) a debtor in possession may not employ as counsel a person who is not a disinterested person. Section 101(13) provides that a disinterested person is a person that is not an insider. Section 101(25)(B)(vi) provides that an insider includes, with respect to a corporation such as debtor, a "relative of a[n] ... officer, or person in control of the debtor." Section 101(34) provides that a relative is an "individual related by affinity or consanguinity within the third degree as determined by the common law, or individual in a step or adoptive relationship within such third degree." Thus, because Keith E. Sohm and Dana Sohm are, respectively, father and brother to Dallan Sohm, an officer or person in control of debtor, they are not disinterested persons within the meaning of the bankruptcy law and were not eligible for employment as attorneys for debtor while it was a debtor in possession under chapter 11.

■ The Court's order of June 8, 1982, applied only to Keith E. Sohm. No application has been made for the employment of Dana Sohm. Moreover, the order was conditioned upon Keith Sohm's filing an affidavit showing his qualifications. Because Keith E. Sohm was as a matter of law unable to qualify as a disinterested person, the June 8, 1982 order, insofar as it may have appointed him counsel for the debtor as debtor in possession under chapter 11, is nullified. In other words, neither Keith nor Dana Sohm, as a matter of law, is eligible for appointment as counsel for debtor as a debtor in possession under chapter 11. Thus, they are not entitled to

compensation from the estate for any services performed for debtor as a debtor in possession under chapter 11. Having failed to disclose their status as relatives, insiders, and interested parties to the Court when it signed the order of June 8, 1982, they were not entitled to rely on that order. It was not until the Court inquired of them on January 27, 1983 that the Sohms disclosed their relationship to Dallan Sohm. It is not the duty of the Court to search the file to see if a proposed attorney has the same surname as an officer of a corporate chapter 11 debtor. Instead, it is the duty of a proposed attorney to inform the Court of any relationship which might bar employment.

■ There is no requirement in the bankruptcy code that an attorney for a debtor in chapter 7 be disinterested. Moreover, there is no requirement of court approval of a chapter 7 debtor's employment of an attorney. Thus, the June 8 order, insofar as it may be construed to relate to the employment of Keith E. Sohm as attorney for debtor as a debtor under chapter 7, is inapplicable. The Sohms are entitled to amend their application and apply for compensation for services performed for the debtor after the October 30, 1981 conversion of this case to a case under chapter 7. The application now before the Court does not suffice because it does not specify, with respect to the fees of Dana Sohm, which services were performed after October 30, 1981. With respect to Keith E. Sohm, the application shows services before and after the date of conversion. The application should be amended to apply only for compensation for services performed after October 30, 1981. The amended application is subject to approval under the standards set forth in 11 U.S.C. § 330.

It is noted that Keith Sohm, on June 5, 1981, filed a statement with the Court indicating that he had been paid $3,500.00. Mr. Sohm is ordered, pursuant to 11 U.S.C. § 329, to file with the Court a statement showing in detail how and when any parts of the $3,500.00, if any, have been applied. That statement shall be filed on or before April 20, 1983.

■ Turning to the arguments and authorities presented in the memorandum filed by the Sohms, the Court agrees that only in the rarest of cases should a debtor in possession under chapter 11 be deprived of the privilege of selecting counsel. The freedom of choice of counsel afforded to a debtor in possession, however, does not extend to selecting a person who is not disinterested within the meaning of 11 U.S.C. § 327(a). Sections 327(b), (c), and (e) and Section 1107(b) do not authorize the chapter 11 employment of the Sohms as attorneys for debtor. Section 327(b) is inapplicable here because of its requirement that the prior employment have been "on salary." Section 327(c) does not aid the Sohms because they are disqualified for reasons other than representation of a creditor. Section 327(e) is inapplicable because the Sohms were employed for a general not a specified special purpose.

The Sohms argue that their employment is permissible under *In re Heatron, Inc.*, 5 B.R. 703 (Bkrtcy.W.D.Mo.1980). The reasoning in that case is not persuasive here, however, because this case involves attorneys who are not disinterested because they are relatives and insiders. *Heatron* had different facts and its rationale, as a matter of law and policy, does not apply here.

■ The Sohms argue that the debtor couldn't afford to employ a disinterested attorney. This argument, even if it could circumvent Section 327(a), which it cannot, seems irrelevant because Mr. Sohm was paid $3,500.00 before filing this case. It appears that the debtor could afford counsel.

The Sohms argue that they relied on the Court's appointment of Keith Sohm as attorney for the debtor. As noted above, the Sohms are not entitled to rely on that appointment. Although the Court does not believe that the Sohms failed to disclose their status to the Court in bad faith, their failure to disclose their status remains. It is the burden of proposed attorneys in bankruptcy proceedings to acquaint themselves with the requirements of the law.

That the Sohms failed to do so is not grounds for ignoring Section 327(a) now.

IT IS THEREFORE ORDERED,

1. That all of the pending applications for employment and compensation of Keith E. and Dana Sohm are denied,

2. That the order of June 8, 1982, insofar as it appointed Keith E. Sohm as counsel for the debtor as a debtor in possession under chapter 11, is set aside,

3. That Keith E. Sohm is ordered, pursuant to 11 U.S.C. § 329, to file with the Court on or before April 20, 1983, a statement showing in detail how and when any parts of the $3,500.00 paid to him pre-petition, if any, have been applied, and

4. That Keith E. Sohm and Dana Sohm are permitted to apply for an award of compensation for services performed as attorneys for the debtor as a debtor under chapter 7, subject to all requirements of law.

## MEMORANDUM DECISION ON PETITION FOR APPROVAL OF ATTORNEY'S FEES AS ATTORNEY FOR DEBTOR

On March 30, 1983, the Court entered its memorandum decision on the appointment and compensation of Keith and Dana Sohm as attorneys for debtor. The Court concluded that because the Sohms are not disinterested persons, their employment by the debtor while it was a debtor in possession under Chapter 11 was forbidden by 11 U.S.C. § 327(a). The Court also concluded that the employment of the Sohms after the conversion of this case on October 30, 1981 was not forbidden by Section 372(a), that they did not need to be appointed for services performed for the debtor after October 30, 1981, and that they could apply for an award of fees for those services. The Court also ordered Keith Sohm to file a statement showing in detail how and when any parts of the $3,500 he had earlier disclosed as a pre-petition payment of fees had been applied.

On April 21, 1983, the Sohms filed a "Petition for Approval of Attorneys Fees As Attorney for Debtor [And] Affidavits."

The affidavits show that although Keith Sohm represented to the Court that he had been paid $3,500 pre-petition, in fact no pre-petition payment was made. The Sohms received one post-petition payment of $1,000 on May 22, 1981. Of this $1,000, $102 was paid to the law firm of Roe and Fowler for an interview with William Fowler concerning "the use of [his] services."

The affidavit of Keith Sohm claims $1,938.75 worth of services performed "under chapter 7 excluding services to Debtor in Possession" calculated as follows: 25.85 hours x $75 per hour equals $1,938.75.

█ Of the 25.85 hours, four (items a. and b.) were spent before the conversion of the case to a case under Chapter 7 and are therefore not compensable under the Court's prior ruling. Even though the services may have related to conversion to Chapter 7, they were in fact performed for a debtor in possession.

█ Of the remaining 21.85 hours, a least ten (items m. through q.) relate solely to the Sohms' abortive attempts to recover attorneys fees. Because those services were performed solely for the benefit of the Sohms and not for the debtors, those services are not compensable out of the estate. While some time spent in applying for fees may be compensable out of a bankruptcy estate, on the facts of this case such compensation would be unjust. Creditors should not bear the costs of these applications. *See* Section 330.

The remaining 11.85 hours (items c. through l.), have been paid for by the debtor. The debtor paid $1,000, which, at $75 per hour covers 13.33 hours of work. Thus, it appears that the Sohms have been overpaid. At $75 per hour, the 11.85 hours would amount to a claim for $862.50. $1,000 minus $862.50 equals $137.50.

If the $102 paid to Roe and Fowler can be credited against the $137.50 overpayment, the Sohms will owe the Chapter 7 trustee $35.50. *See* 11 U.S.C. § 329(b). In this case, because it appears that the payment to Roe and Fowler may be classified as an expense of doing business of the Chapter 11 debtor, properly payable as an

out of pocket expense, such a credit may be allowed.

IT IS THEREFORE ORDERED that the Sohms are allowed a claim for fees of $862.50 which have already been paid. That payment may be the subject of objections by any party in interest at the final hearing in this case. The objection of the United States of America, Internal Revenue Service has been considered as to allowance. Insofar as that objection relates to payment, it will be heard at the final hearing. It is further ordered that the Sohms forthwith pay to the Chapter 7 trustee the sum of $35.50.

The decision reached herein is based solely on the mandates of the Bankruptcy Code respecting attorney compensation and is not based on any finding of bad faith on the part of the Sohms. The honesty of the Sohms is not questioned. Notwithstanding their honesty, the laws of the United States require the decision made today.