**In re Ernest A. COVEY and Esther S. Covey, d/b/a Farmers/Ranchers, Debtors.**

**Bankruptcy No. 385–00011.**

United States Bankruptcy Court, D. South Dakota.

Feb. 10, 1986.

William P. Westphal, Sr., Minneapolis, Minn., Trustee.

Andrew J. Schmid, Minneapolis, Minn., for trustee.

Donald E. Covey, Winner, S.D., Wally Eklund, Johnson, Eklund & Davis, Gregory, S.D., for debtors.

MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

This matter is before the Court on the United States Trustee's objection to the

debtors' application for leave to retain professional counsel. Oral arguments were heard by the Court in Pierre, South Dakota, on July 10, 1985, and the parties later submitted written memoranda.

The issue is whether Donald E. Covey, a nephew of the debtors, is disqualified under the Code from serving as their attorney in the Chapter 11 proceedings. This Court holds that Donald E. Covey is not disqualified and may serve as the debtors' attorney. The debtors' application to employ Donald E. Covey and Wally Eklund as attorneys will be approved.

Because of the unique nature of the bankruptcy process, Congress has established standards for the employment of professionals by the trustee and the debtor or debtor-in-possession. To be qualified under 11 U.S.C. § 327(a), attorneys and other professionals must meet two requirements: (1) They must not hold or represent an interest adverse to the estate; and (2) they must be disinterested persons within the meaning of the Code. The question in the instant case is whether Mr. Covey meets the second test.

In order to determine the meaning of the phrase, "disinterested person," one must cross-reference several definitions in different sections of the Code. A "disinterested person" as defined in Section 101(13) means, among other things, that a person is not a "creditor, an equity security holder, or an insider." An "insider," in turn, as defined under Section 101(28), includes an individual who is a relative of the debtor. The term "relative" is then limited to an individual related by affinity or consanguinity within the third degree as determined by the common law. Degrees of kinship under the common law are computed by counting the number of generations from the nearest common ancestor. 23 Am.Jur.2d, *Descent and Distribution* § 55. Donald Covey's relationship to the debtors in this case is within the third degree of consanguinity or blood relationship because he is their nephew. A precise

reading of these statutes would disqualify Mr. Covey from serving as the attorney in this case.

An examination of the relevant statutes, however, sheds an interesting light on their construction. Section 327(a), as written, reads:

[T]he trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

This section is silent concerning the employment of professional persons by a debtor-in-possession. It is only in applying Section 1107(a), which "places a debtor-in-possession in the shoes of the trustee in every way," that Section 327(a) becomes relevant to a debtor-in-possession. It is easy to see why Congress would impose a strict standard of disinterestedness on professionals acting for the trustee as representatives of the estate. The trustee is required to be aloof from all connection with the debtor and its management. To require less of the trustee's attorney, who would be active in furthering the trustee's duties, would be illogical. The debtor-in-possession, however, is certainly not aloof from the debtor nor the management of the estate—the debtor-in-possession *is* the debtor, managing the estate. Other facts take on more importance as a result, such as an attorney's familiarity with the affairs of the debtor and a debtor's confidence in and ability to work with an attorney of his own choosing. An overly rigid, mechanical application of the standards to the debtor-in-possession would serve no one's best interests.

Other courts have so held when faced with similar questions involving disinterestedness. The Bankruptcy Court in *In re Heatron, Inc.*, 5 B.R. 703, 2 C.B.C.2d 1054 (Bkrtcy.W.D.Mo.1980), permitted the debt-

or-in-possession to retain an attorney who was a creditor of the estate, reasoning that the attorney's experience in the debtor's affairs outweighed the fact that he was not disinterested by reason of his status as a creditor.

Likewise, the Court in *In re O'Connor*, 52 B.R. 892 (Bkrtcy.W.D.Okla.1985), faced a situation where the debtor's counsel owned approximately 1,000 shares of the debtor's stock out of a total of 12,969,626 issued and outstanding shares. The Court concluded that such an interest was "infinitesimal" and that such a slight interest would not color the attorney's independent judgment.

█ Although the standards of Section 101(13) must be applied conscientiously to protect both the debtors and the creditors during the pendency of a case, this Court will not apply them blindly. The question should not be, is counsel the nephew of the debtors, but, rather, does counsel, as the debtors' nephew, possess an interest such as would color the requisite independent and impartial judgment required to handle the case. *See Id.* at 899. In the instant case, Donald Covey is well-acquainted with the debtors and the factors which led to their filing for relief in bankruptcy. He has acted in a professional capacity for them before in non-bankruptcy matters. He is an attorney with several years' experience, including some limited bankruptcy practice. The fee disclosure indicates that he is willing to do work for the debtors at a reduced rate. This can hardly be interpreted as adverse to the debtors or the estate. The fact that Donald Covey is the nephew of the debtors does not outweigh the value afforded by his experience and familiarity with the affairs of the debtors.

This Memorandum Decision constitutes the Court's Findings of Fact and Conclusions of Law in the above-entitled matter pursuant to Bankr.R.P. 7052 and 9014 and F.R.Civ.P. 52. Mr. Covey should submit an appropriate proposed order.