**In the Matter of Keith Moore PULLIAM and Elizabeth Hardy Pulliam, Debtors.**

**Bankruptcy No. 85–01548–SJ–11.**

United States Bankruptcy Court, W.D. Missouri, St. Joseph Division.

March 19, 1986.

Order Denying Application for Attorneys' Fees Oct. 29, 1986.

Order Denying Motion For Reconsideration March 13, 1987.

Order Dismissing Appeal April 17, 1987.

---

See also, D.C., 54 B.R. 624.

## ORDER DIRECTING FELDHAUSEN, BURKE AND PETTY, P.C. TO SHOW CAUSE WHY THEIR AD INTERIM FEE APPLICATION SHOULD NOT BE DENIED

DENNIS J. STEWART, Chief Judge.

On December 31, 1985, the law firm of Feldhausen, Burke and Petty, P.C., filed its application for an *ad interim* award of attorney's fees and reimbursement of expenses in the total sum of $10,709.65. A hearing was, on notice to the interested creditors, held on the application on February 27, 1986, in St. Joseph, Missouri, whereupon it developed that the debtors had made significant prepetition payments of attorney's fees (said to be in the sum of $6,000) on account of legal services which were admitted to have been neither in relation to or connection with these bankruptcy proceedings. Under such circumstances, counsel is in no better position than any other prepetition creditor.[1] In the course of the hearing of February 27, 1986, applicant counsel represented to the court that the prepetition payments were for simultaneously rendered services and therefore were not payments on account of an antecedent debt which could be avoided as a preference. If applicant counsel has been accorded a prepetition transfer which is arguably avoidable, however, then it [is] an obvious conflict of interest for applicant counsel to represent the debtor-in-possession in these chapter 11 proceedings. For, in such capacity counsel would have the duty to prosecute an action against itself to recover the potential preference. If such a conflict exists, the court should deny the

---

1. "When compensation is sought for past legal services not rendered in contemplation of or in connection with a case under the Code, the claim of the attorney is in no better position than that of any other creditor, and the claim does not fall within the purview of Section 329." 2 Collier on Bankruptcy para. 329.03, p. 329–13 (15th ed. 1985).

requested compensation.[2] In order for the court to decide this preliminary question, it must be provided with sworn documentary evidence of the dates of the performance of the legal services for which the prepetition payments were made and a description of each such service and the dates on which the payments were made. In order to grant the applicant counsel an opportunity to present the court with such documentation, it is hereby

ORDERED that applicant counsel show cause in writing within 15 days of the date of filing of this order why their application for an *ad interim* award of attorney's fees should not be denied.

## ORDER DENYING APPLICATION OF FELDHAUSEN, BURKE & PETTY, P.C., FILED DECEMBER 31, 1985, FOR AN AWARD OF ATTORNEYS' FEES

▮ On December 31, 1985, the law firm of Feldhausen, Burke & Petty, P.C., filed an application for an award of attorneys' fees in the sum of $10,489.50 and for reimbursement of expenses in the sum of $220.15. The services rendered, according to the detailed statement submitted in support of the application, covered a period of time from May 3, 1985 to November 21, 1985. On this application, this court earlier, on March 19, 1986, issued its order directing the respondent law firm to show cause in writing within 15 days why it should not be denied. In that order, the following considerations were stated:

"On December 31, 1985, the law firm of Feldhausen, Burke and Petty, P.C., filed its application for an *ad interim* award of attorney's fees and reimbursement of expenses in the total sum of $10,709.65. A hearing was, on notice to the interested creditors, held on the application on February 27, 1986, in St.

Joseph, Missouri, whereupon it developed that the debtors had made significant prepetition payments of attorney's fees (said to be in the sum of $6,000) on account of legal services which were admitted to have been neither in relation to or connection with these bankruptcy proceedings. Under such circumstances, counsel is in no better position than any other prepetition creditor. In the course of the hearing of February 27, 1986, applicant counsel represented to the court that the prepetition payments were for simultaneously rendered services and therefore were not payments on account of antecedent debt which could be avoided as a preference. If applicant counsel has been accorded a prepetition transfer which is arguably avoidable, however, then it [is] an obvious conflict of interest for applicant counsel to represent the debtor-in-possession in these chapter 11 proceedings. For, in such capacity counsel would have the duty to prosecute an action against itself to recover the potential preference. If such a conflict exists, the court should deny the requested compensation. In order for the court to decide this preliminary question, it must be provided with sworn documentary evidence of the dates of the performance of the legal services for which the prepetition payments were made, a description of each service and the dates on which the payments were made. In order to grant the applicant counsel an opportunity to present the court with such documentation, it is hereby

ORDERED that applicant counsel show cause in writing within 15 days of the date of filing of this order why their application for an *ad interim* award of attorney's fees should not be denied."

---

2. "If ... the law firm is owed by a petitioning client, on the date of filing, a pre-petition debt for legal services not rendered in contemplation of or in connection with the bankruptcy case, then the law firm would be a creditor of the debtor to the extent of those fees and costs and, therefore, would run afoul of the 'no adverse interest' and 'disinterestedness' requirements of Section 327(a)." *In re Roberts,* 46 B.R. 815, 849

(Bkrtcy.N.D.Ga.1985). "The court is authorized to deny compensation or reimbursement for expenses to any professional person if, at any time during such person's employment, the person represents or holds an interest adverse to the estate with respect to the matter on which such professional person is employed." 2 Collier on Bankruptcy para. 327.03, p. 327–11 (1985).

Applicant counsel have not satisfactorily responded to that order so as to demonstrate the inapplicability of the principles therein stated.[1] It is accordingly hereby

ORDERED that the abovementioned application for attorney's fees be, and it is hereby, denied.

## ORDER DENYING MOTION OF FELDHAUSEN, BURKE, AND PETTY, P.C., FOR RECONSIDERATION OF FORMER ORDER OF COURT DENYING APPLICATION FOR ATTORNEY'S FEES

### I

This court formerly, on March 19, 1986, issued its written order directing applicant counsel to show cause why the application of debtors' counsel for an award of attorney's fees from the within bankruptcy estate should not be denied. It was the reasoning of the court that applicant counsel were ineligible to receive attorney's fees in any status as counsel for debtors because of their status as a prepetition creditor of the debtors. The material portion of the reasoning then employed by the court was as follows:

"On December 31, 1985, the law. firm of Feldhausen, Burke and Petty, P.C., filed its application for an *ad interim* award of attorney's fees and reimbursement of expenses in the total sum of $10,709.65. A hearing was, on notice to the interested creditors, held on the application on February 27, 1986, in St. Joseph, Missouri, whereupon it developed that the debtors had made significant prepetition payments of attorney's fees (said to be in the sum of $6,000) on account of legal services which were admitted to have been neither in relation to or connection with these bankruptcy proceedings. Under such circumstances,

counsel is in no better position than any other prepetition creditor. In the course of the hearing of February 27, 1986, applicant counsel represented to the court that the prepetition payments were for simultaneously rendered services and therefore were not payments on account of antecedent debt which could be avoided as a preference. If applicant counsel has been accorded a prepetition transfer which is arguably avoidable, however, then it [is] an obvious conflict of interest for applicant counsel to represent the debtor-in-possession in these chapter 11 proceedings. For, in such capacity counsel would have the duty to prosecute an action against itself to recover the potential preference. If such a conflict exists, the court should deny the requested compensation. 'If ... the law firm is owed by a petitioning client, on the date of filing, a pre-petition debt for legal services not rendered in contemplation of or in connection with the bankruptcy case, then the law firm would be a creditor of the debtor to the extent of those fees and costs and, therefore, would run afoul of the "no adverse interest" and "disinterestedness" requirements of Section 327(a).' *In re Roberts*, 46 B.R. 815, 849 (Bkrtcy.N.D.Ga.1985). 'The court is authorized to deny compensation or reimbursement for expenses to any professional person if, at any time during such person's employment, the person represents or holds an interest adverse to the estate with respect to the matter on which such professional person is employed.' 2 Collier on Bankruptcy para. 327.03, p. 327–11 (1985). In order for the court to decide this preliminary question, it must be provided with sworn documentary evidence of the dates of the performance of the legal services for which the prepetition payments were made, a

---

1. It appears to be the contention of counsel for the debtors that their serving the debtors as counsel cannot constitute any conflict of interest because the $6000, or thereabouts, paid them prior to bankruptcy was paid to them for legal services rendered contemporaneously with the payments which were made. Therefore, they contend that the payments could not constitute an avoidable preference within the meaning of

section 547 of the Bankruptcy Code. The statements offered by applicant counsel, however, do not make a patent and unquestionable case that there was no preference. Otherwise, the issue can only adequately be determined in an action brought by the debtor-in-possession to recover the alleged preference. And applicant counsel's inherent conflict of interest would be exposed in bringing any such action against themselves.

description of each service and the dates on which the payments were made. In order to grant the applicant counsel an opportunity to present the court with such documentation, it is hereby

"ORDERED that applicant counsel show cause in writing within 15 days of the date of filing of this order why their application for an *ad interim* award of attorney's fees should not be denied."

The applicant law firm submitted a response to that order attempting to demonstrate the contemporaneous character of the prepetition payments with prepetition legal services unrelated to bankruptcy. But the response was not sufficiently intelligible in showing precisely what services rendered on what date were attributable to the payments which were made. Therefore, the court entered its order on October 29, 1986, denying the application for an award of fees.

Now, on the date of December 3, 1986, the applicant law firm has requested reconsideration of the court's order, submitting both an extensive brief in support of the motion and an accompanying letter which, in substance, admonishes the court against an adverse ruling on the motion. It is said in the letter that the court's now challenged ruling imposes strictures of undue severity upon counsel and that the application of this overly strict rule in the case at bar would work the most extreme of unjust results upon the debtors' counsel.

Further, debtors' counsel insists that the authority relied upon by this court in its former ruling, *In re Roberts, supra,* has no applicability in this case; that the decision made by a former judge of this court in *In re Heatron, Inc.,* 5 B.R. 703 (Bkrtcy.W.D. Mo.1980), is both more sensible and more applicable; and that the *Roberts* rule, *supra,* is especially inapplicable in this case in which—as applicant now contends—the prepetition legal services were rendered in connection with or contemplation of these bankruptcy proceedings.

The court has carefully considered each and every fact of the motion for reconsideration now before it and has concluded that it should be denied for the separate and independent reasons (1) that it has been untimely filed and (2) it is without merit. As observed above, the challenged order of the court was filed on October 29, 1986. The motion for reconsideration was neither filed nor served within 10 days thereafter as required by Rule 9023 of the Rules of Bankruptcy Procedure. It is beyond the power of the court to enlarge the time for the filing and service of a motion to alter or amend judgment or for reconsideration. See Bankruptcy Rule 9006(b)(2). The continuing power of a bankruptcy court to review the *magnitude* of attorney's fees awarded to determine their reasonableness has no relevance to a decision of the type made by this court in the now-challenged order, which was, in effect, a determination that counsel were ineligible by reason of a conflict of interest to receive attorney's fees as counsel for the debtors in this chapter 11 case. Such a decision is a final, appealable decision at the time made and is not reviewable by the bankruptcy court after the 10–day period for reconsideration or appeal passes thereafter. Therefore, counsel's motion must be denied as untimely.

Separately and independently, the motion must be denied as being without merit in law, fact, or policy. The rule of *In re Heatron, Inc., supra,* which is now cited and relied upon by applicant counsel is wholly inapplicable to the facts and circumstances of the case at bar. In *Heatron, Inc., supra,* counsel who were also prepetition creditors of the debtor were permitted to act as *special* counsel for the debtor within carefully defined limits which had no possibility of engaging the potential for conflict of interest. It was expressly observed in that case that, at such time as a conflict of interest should arise, the court could review the conflict-of-interest issue.[1]

---

**1.** "(T)he unsecured creditor has incentive to support a reorganization proceeding, although he may not support the plan when it is proposed. It cannot be said *absolutely* that being

an unsecured creditor creates a position adverse to the debtor ... (W)here the attorneys represent several debtors in a reorganization and the conflict is *more apparent than real,* the Court

Insofar as the decision in that case can be read to imply or support the broader principle that a prepetition creditor of a debtor may freely represent that debtor in chapter 11 proceedings, it can only be regarded as erroneous. The developing law on this subject has been to the contrary and squarely in agreement with the rule of the *Roberts* case, *supra*.[2] And it seems to this court to constitute the rule of reason. Any other rule could not operate effectively to prevent the myriad of actions by means of which prepetition creditors who are permitted to act as counsel for chapter 11 debtors could utilize the reorganization proceedings to gain payment of the indebtedness owed to them at the expense of the other creditors of equal or superior rank. This rule, further, takes the bankruptcy court out of the all-too-difficult position of having to monitor the chapter 11 proceedings with great frequency in order to ensure that such preferential treatment does not occur. The fact that such judicial monitoring of the chapter 11 cases would entail great difficulty is demonstrated by this case, in which—despite counsel's present general statement that all creditors are happy—the files themselves reflect only appreciable payments to counsel and there is no record of any payments to creditors.[3] Applicant counsel's contention that the law holds that prepetition creditors must be permitted to act as counsel for chapter 11 debtors is therefore rejected.

Finally, in a distinct shift of factual contentions from that which was formerly contended by them, applicant counsel now state that there can be no conflict of interest when their pre-bankruptcy legal services were rendered in connection with and in contemplation of the within chapter 11 proceedings. This court agrees that, if such were the case, there would be no conflict of interest. As to prepetition services rendered in connection with or in contemplation of bankruptcy, the law recognizes a contiguity with fees earned in services actually rendered postbankruptcy. Accordingly, Rule 2017 of the Bankruptcy Rules provides that the bankruptcy court may review such fees to determine their reasonableness, just as if they were postbankruptcy fees. Otherwise, however, if not rendered in contemplation of or in connection with the subsequent bankruptcy proceedings the prebankruptcy fees have the same status as any other prepetition indebtedness.[4] And previously, applicant counsel have represented their services *not* to have been rendered in contemplation of or in connection with these bankruptcy proceedings.[5] This court is warranted in relying on that former admission. The contention that the services were rendered in contemplation of or in connection with these chapter 11 proceedings must therefore be denied as without factual merit.

II

As this court has observed above, it believes that the time has long since arrived when the conflict of interest between the interest of applicant counsel, on the one hand, and the debtors and creditors, on the other, is irremediable. This is so because, to allow the fees of applicant counsel at this

will permit the appointment of the attorneys subject to objection at a later date." *In re Heatron, Inc.,* 5 B.R. 703, 705 (Bkrtcy.W.D.Mo. 1980).

**2.** See *In re Chapel Gate Apartments, Ltd.,* 64 B.R. 569, 577 (Bkrtcy.N.D.Tex.1986); *In re Gray,* 64 B.R. 505, 507–508 (Bkrtcy.E.D.Mich.1986); *In re Central Ice Cream Co.,* 59 B.R. 476, 490 (Bkrtcy.N.D.Ill.1986); *In re Estes,* 57 B.R. 158, 163 (Bkrtcy.N.D.Ala.1986). On the other hand, the *Heatron* rule has met with criticism. See, e.g., *In re Anver Corp.,* 44 B.R. 615, 619 (Bkrtcy D.Mass.1984).

**3.** The files and records which are available to the court do not show whether payments have been made according to the terms of the plan. The debtors' monthly operating reports have not been filed for some time, and they might or might not have disclosed the making of payments pursuant to the plan.

**4.** "When compensation is sought for past legal services not rendered in contemplation of or in connection with a case under the Code, the claim of the attorney is in no better position than that of any other creditor ..." 2 Collier on Bankruptcy para. 329.03, p. 329–13 (15th ed. 1986).

**5.** See page 209 of the text of this memorandum, reciting what was said by applicant counsel in the hearing of February 27, 1986.

time, in the magnitude which they are requested by applicant counsel,[6] may defeat the creditors' rights to payment under the plan. This is especially so when there is no showing of any real progress under the confirmed plan of reorganization.[7]

This court can therefore conclude, as of the present time, that applicant counsel should no longer serve as counsel for the debtors. In order to ensure fairness to applicant counsel, however, the court will grant an award of fees which it considers average for counsel for the debtor in a confirmed but not-yet-consummated chapter 11 case. This is the sum of $4,500, including any retainer. This accords with the prior practice of this court. See, e.g., *Matter of Higginbotham,* In proceedings under chapter 11 of the Bankruptcy Code No. 85–01720–SW–11 (Bkrtcy.W.D.Mo. Dec. 8, 1986), which was an extraordinary, complicated case and required of counsel skill, expertise, and exceptional labor far beyond that which was required in the case at bar. Counsel requested an attorneys' fee exceeding $25,000. This court ruled that, at the time of confirmation and before consummation of a plan, the most that could be awarded so as not to prejudice the rights of creditors by draining the estate's funds and income before they could be paid, was $6,500.

The awarding of this $4,500 for past services in this case is more than fair to applicant counsel when they long ago knew of the court's rulings on the conflict-of-interest issue, not only in this case, but at least one other case. Further, it is eminently fair in view of the shifting factual contentions which have been set before the court by applicant counsel. First they have clearly represented to the court that they were prebankruptcy creditors of debtors on the basis of legal services rendered neither in connection with nor in contemplation of this bankruptcy.[8] Then, when this representation produced the court's ruling to the effect herein reviewed, they belatedly have

raised the contention that the services were related to this bankruptcy case. This court has previously found this species of lack of candor a basis for denying approval of requested compensation. See, e.g., *Matter of Ferguson,* 64 B.R. 553, 556 n. 11 (Bkrtcy.W.D.Mo.1986).

And finally, applicant counsel, as observed above, have not timely sought reconsideration of the order denying their application for attorney's fees. This alone justifies the denial of the request for relief at bar. In conclusion, this court wishes to make it clear that the $4,500 award is the total sum to be awarded to date for legal services in this case or in connection therewith or in contemplation thereof. Accordingly, any amount which counsel has collected previously from the debtors, including any amount collected on the prebankruptcy $6,000, which is now said to have been rendered in contemplation of or in connection with this case, must be set off against the $4,500.

And, therefore, for the foregoing separate and independent reasons, it is hereby

ORDERED that the motion of Feldhausen, Burke and Petty, P.C., to reconsider this court's order of October 29, 1986, be and it is hereby, denied.

ORDER DISMISSING APPEAL OF FELDHAUSEN AND BURKE, P.C., FROM ORDER OF OCTOBER 29, 1986, DENYING APPLICATION FOR ATTORNEY'S FEES

■ The attorneys for the debtors, Feldhausen and Burke, P.C., filed an application for attorney's fees and reimbursement of expenses on December 31, 1985, in the total sum of $10,709.65. On March 19, 1986, this court issued an order to show cause why the application should not be denied, chiefly on the ground that applicant counsel were prepetition creditors of the debtors. Applicant counsels' response to that order was filed with the court on April 14, 1986. Thereafter on October 29, 1986,

---

6. Over $10,000 is now requested by applicant counsel—in addition to the $6,000 which was previously charged, according to their own contentions.

7. See note 3, *supra.*

8. See page 211 of the text hereof.

this court issued its written order denying the application. The applicants then filed a second response to the former show cause order on December 3, 1986. The bankruptcy court treated this response as an untimely motion for reconsideration of the order of October 29, 1986, denying the application for attorney's fees. The court accordingly issued its order on March 13, 1987, denying the motion for reconsideration as untimely and also on substantive grounds. Within ten days of the last order, the applicants filed their notice of appeal. Such a notice of appeal is untimely to appeal the order which effectively accomplished denial of attorney's fees, that of October 29, 1986. "A party who appeals from bankruptcy court to district court must file a notice of appeal with the bankruptcy court within 10 days of the entry of the order or judgment appealed from." *Matter of Ramsey*, 612 F.2d 1220, 1222 (9th Cir.1980). A timely motion for reconsideration, of course, tolls the time for the taking of an appeal until 10 days following the denial thereof. But an untimely motion for reconsideration, as in this case, does not toll the time for the taking of an appeal.

The district court, by means of its general order of October 30, 1986, has given the bankruptcy judges power to:

"dismiss appeals from decisions of the Bankruptcy Court filed in this court for failure of any of the parties thereto to perfect an appeal by not filing appropriate documents with the Clerk of the

Court as provided in the Bankruptcy Rules or Sections of Title 28, U.S.C.A."

In this case, applicants have failed to file a document required by Bankruptcy Rule 8002, namely, a timely notice of appeal.* It is therefore, accordingly,

ORDERED that the within appeal be, and it is hereby, dismissed.**

---

* Further, although this court may not dismiss an appeal for any substantive reason, it must be observed that our court of appeals has recently adopted the principle which dictates the denial of attorney's fees in this case. See *In re Pierce*, 809 F.2d 1356, 1363 (8th Cir.1987) ("Moreover, there are two other grounds upon which the court could have denied McEwen's fees. First, under Section 327(a), an attorney may be disqualified not only because he or she is not disinterested, but also because the attorney holds an 'interest adverse to the estate.' 11 U.S.C. § 327(a). At least one court has held that an attorney's pre-petition mortgage on the debtor's real estate constitutes an 'adverse interest' under Section 327(a). *In re Martin*, 59 B.R. 140, 143 (Bankr.D.Maine 1986); see also *In re Roberts*, 46 B.R. 815, 849 (Bankr.D.Utah 1985) (attorney's prepetition debt for legal fees for services not rendered in connection with bankrupt-

cy case would constitute an adverse interest.) Thus, the court could have denied compensation on this ground.")

** The appeal is dismissed for the separate and independent reason that in excess of twenty days has now elapsed since the filing of the notice of appeal has elapsed and the appellants have filed no designation of record and statement of issues on appeal. Bankruptcy Rule 8006 requires that, "(w)ithin 10 days after filing the notice of appeal as provided by Rule 8001(a) or entry of an order granting leave to appeal the appellant shall file with the clerk of the bankruptcy court and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented."