In re Mary Margaret HILL, Debtor.

Bankruptcy No. 79–23183–PE.

United States Bankruptcy Court,
C. D. California.

July 28, 1980.

Elizabeth Y. Williams, Newport Beach, Cal., for debtor.

Jon R. Stuhley, Santa Ana, Cal., trustee.

## MEMORANDUM OF DECISION

PETER M. ELLIOTT, Bankruptcy Judge.

This matter is before me on my own motion to re-examine attorney's fees under 11 U.S.C. § 329. Elizabeth Williams required the debtor to give her a promissory note for $1,500 secured by a fourth trust deed on the debtor's home as security for attorney's fees to be rendered in this bankruptcy case.

In addition to the filing of the Chapter 7 case, Ms. Williams was retained to remove two judgment liens from the title of debtor's condominium. Both abstracts of judgment were recorded after a valid declaration of homestead. She filed an adversary proceeding, the defendants defaulted, and judgment was entered avoiding the liens.

The issues are:

(1) May an attorney include within a retainer agreement charges for services to be rendered after the Chapter 7 case is filed?

(2) Was the fee charged reasonable?

Mrs. Hill owns, in joint tenancy with her daughter, a condominium which she values at $64,000. The property is subject to three trust deeds totaling approximately $36,000 in addition to the fourth trust deed in favor of counsel. Mrs. Hill shows on her statement of affairs that she is employed as a clerk in Santa Ana, that her income for the second calendar year next preceding bankruptcy was $1,376.70, and that her income for the calendar year immediately preceding bankruptcy was $5,081.61. She has listed 45 unsecured creditors totaling some $16,000.

■ Pre-bankruptcy retainers for post-bankruptcy services, whether or not related to the bankruptcy case, were not protected by § 60d of the Act and could be recovered for the estate as a transfer in fraud of creditors. *See Quinn v. Union Nat. Bank*, 32 F.2d 762, 771 (8th Cir. 1929); *In re Habegger*, 139 F. 623 (8th Cir. 1905).

■ Under 11 U.S.C. § 329, the debtor's attorney may charge a retainer for post-bankruptcy services as well, if the services are in connection with the estate. Part (a) of § 329 provides in part:

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of and in connection with the case by such attorney, . . .

Clearly, removal of judgment liens from the debtor's homestead is connected with the case. Therefore, the first issue is resolved in favor of counsel.

I hasten to add that this ruling does not open the door to open end retainers for handling a Chapter 7 case and all conceivable problems connected with the case such as defense of possible claims of non-dischargeable debt.

As to the amount charged, the legislative history to § 329 contains the following statement:

Payments to a debtor's attorney provide serious potential for evasion of creditor protection provisions of the bankruptcy laws, and serious potential for overreaching by the debtor's attorney, and should be subject to careful scrutiny.

Ms. Williams has filed a response in which she sets forth that her normal hourly rate is $150 per hour, that she charges $75 per hour for her associate Richard L. Barnett, and that the total fee for the time expended to the date of the response was $2,290. She did not support her response with detailed time records, but rather with a list of dates, services rendered and arbitrary dollar amounts. Nothing in the new Code suggests that time spent is no longer an important element in fixing a reasonable fee. *See Cle-Ware Industries v. Sokolsky*, 493 F.2d 863, 877 (6th Cir. 1974).

■ In any case, an attorney, in fixing a fee, should take into account the client's station in life and ability to pay. While a retainer for $1,500 might be reasonable for an executive making $30,000 a year or more, it is unconscionable to charge that much for a woman with limited income and whose only asset appears to be her equity in her home. The $1,500 fee charged here is more than the client made in the second year preceding bankruptcy and is roughly 30% of her annual income for the year immediately preceding bankruptcy.

There are general practitioners representing debtors in Chapter 7 liquidations in Orange County who do a competent job in representing their clients and charge, on an average, less than $300 per case. There is nothing in the Mary Margaret Hill case which required the claimed expertise of Ms. Williams. Any competent general practitioner could have handled and would have handled it for a lot less money. The judgment liens which were recorded in 1979, well after the recording of the declaration of homestead, were clearly subject to avoidance under 11 U.S.C. § 522(f) (a ground not relied upon by Ms. Williams).

It is my duty under § 329 of the Code to see that the debtor is not imposed upon by her counsel. The preparation and filing of the complaint, as well as taking a default judgment avoiding liens, should not have required over 2 or 3 hours of counsel's time. I can see no justification for the handling of the Chapter 7 liquidation case to require more than 4 or 5 hours of counsel's time. I find that a reasonable fee for handling this Chapter 7 case is $450 and that a reasonable fee for handling the adversary proceeding removing the judgment liens is $250. Therefore, counsel's total fee should be reduced to the sum of $700, plus any costs advanced.

In counsel's response, she claims to have advanced $125 in costs, but she has no financial records and was not sure. She paid the $60 fee for filing the Chapter 7 case, plus a $10 filing fee for amended schedules, and *assumed* that she had paid a $40 reporter's fee upon filing the adversary proceeding. Since this is a Code case, there was no reporter's fee, and all she paid was a filing fee for the complaint of $15. She is entitled to recover her costs of $85. Therefore, the total fee plus costs is fixed in the sum of $785.

LET JUDGMENT BE ENTERED AC-CORDINGLY.