644 F.2d 1290
 7 Bankr.Ct.Dec. 708, Bankr. L. Rep. P 68,321
 In re PACIFIC FAR EAST LINE, INC., a Delaware corporation, Bankrupt.
DORR, COOPER & HAYS, Plaintiffs-Appellants,
v.
Frederick S. WYLE, Trustee-In Bankruptcy, Defendant-Appellee.
DORR, COOPER & HAYS, Plaintiffs-Appellees,
v.
Frederick S. WYLE, Trustee-In Bankruptcy, Defendant-Appellant.
 Nos. 79-4084, 79-4152.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 11, 1980.
Decided April 10, 1981.
 
 Dorr, Cooper, Hays, Dennis Montali, Rothschild, Phelan & Montali, San Francisco, Cal., on brief; George L. Waddell, San Francisco, Cal., for Dorr, etc.
 Isaac M. Pachulski, Stutman, Treister & Glatt, Los Angeles, Cal., for Wyle.
 Appeal from the United States District Court for the Northern District of California.
 Before TRASK, WALLACE and ANDERSON, Circuit Judges.
 WALLACE, Circuit Judge:
 
 
 1
 Dorr, Cooper & Hays (DC&H) appeals from the judgment of the district court remanding the case to the bankruptcy court for a determination of whether fees paid to DC&H for legal services rendered were voidable under sections 60(a) and 60(b) of the old Bankruptcy Act, 11 U.S.C. §§ 96(a), 96(b). The trustee in bankruptcy cross-appeals, contending that the district court erred in holding that former Bankruptcy Rule 220 permits only the recovery of amounts paid to an attorney which are in excess of a reasonable fee for his services, and that Rule 220 is limited to bankruptcy-related services. We conclude that sections 60(a) and 60(b) do apply to payments to lawyers for past services, that Rule 220 governs all transfers to attorneys in contemplation of bankruptcy, not simply those transfers for services that were bankruptcy-related, and that examination of fees under Rule 220 is limited to the reasonableness of the fees for the services rendered.
 
 
 2
 * On January 31, 1978, Pacific Far East Line (PFEL) filed a petition under Chapter XI of the old Bankruptcy Act, 11 U.S.C. § 701 et seq. PFEL was adjudicated a bankrupt on August 4, 1978 and a trustee in bankruptcy was appointed.
 
 
 3
 DC&H had been the counsel for PFEL for many years. By early 1978 PFEL owed DC&H approximately $860,000 for past legal services. Only approximately $17,000 of that amount was derived from legal services related to the impending bankruptcy. On January 27, 1978, with mutual knowledge of the contemplated Chapter XI petition, DC&H obtained a security agreement from PFEL's president to secure its claim for fees. The security consisted of contract rights, chattel paper, and general intangibles. The Uniform Commercial Code financing statement was recorded on January 30, the day before the Chapter XI filing. In addition to obtaining this security interest, DC&H received a $125,000 retainer for its services to be rendered in the Chapter XI proceeding.
 
 
 4
 DC&H and a firm of bankruptcy specialists acted as counsel for PFEL as debtor and debtor in possession until March 29, 1978, when they were replaced by other counsel. On May 11, 1978, PFEL filed an application pursuant to Bankruptcy Rule 220 for examination of transactions with DC&H.
 
 
 5
 On June 29, 1978, the bankruptcy court, relying on Rule 220, set aside the security interest in its entirety. DC&H then appealed to the district court, which reversed and remanded.
 
 II
 
 6
 The parties are in agreement, and we concur, that the district judge erred in concluding that Rule 220, and its predecessor, section 60(d), applies only to attorneys' fees related to bankruptcy. Rule 220(a) reads in part:
 
 
 7
 Payment or Transfer to Attorney in Contemplation of Bankruptcy. On motion by any party in interest or on the court's own initiative, the court may examine any payment of money or any transfer of property by the bankrupt, made directly or indirectly and in contemplation of the filing of a petition by or against him, to an attorney for services rendered or to be rendered.
 
 
 8
 Rule 220 was based on section 60(d) of the old Bankruptcy Act, 11 U.S.C. § 96(d), which provided in part:
 
 
 9
 If a debtor shall, directly or indirectly, in contemplation of the filing of a petition by or against him, pay money or transfer property to an attorney at law, for services rendered or to be rendered, the transaction may be examined by the court on its own motion or shall be examined by the court on petition of the trustee or any creditor ....
 
 
 10
 The Supreme Court has interpreted section 60(d) as not limited to legal services related to bankruptcy.
 
 
 11
 The services within (old section 64(b)(3)) are those rendered in aid of the administration of the estate and the carrying out of the provisions of the Act. ... Section 60(d), authorizing a reexamination of payments and transfers by the bankrupt for services to be rendered, has a broader scope. It contains no intimation of an intention to limit the jurisdiction to reexamine to a particular sort of legal services for the payment of which the debtor has disposed of his property. The point of the provision conferring jurisdiction for a summary reexamination is not the specific nature of the legal services to be rendered but that the payment or transfer to provide for them is made "in contemplation" of bankruptcy.
 
 
 12
 Conrad, Rubin & Lesser v. Pender, 289 U.S. 472, 476-77, 53 S.Ct. 703, 704-705, 77 L.Ed. 1327 (1933). The Court made it clear that "in contemplation" is a matter of "the state of mind of the debtor and whether the thought of the bankruptcy was the impelling cause of the transaction." Id. at 477, 53 S.Ct. at 705. There is nothing in the later amendments of section 60(d) or in the language or history of Rule 220 to render this interpretation of the Supreme Court inapplicable. We therefore conclude that the district judge erred in restricting Rule 220 to bankruptcy-related services.
 
 III
 
 13
 The trustee contends that the district judge also erred in reversing the determination of the bankruptcy judge that the granting of the security interest could be invalidated in its entirety because a transfer of any amount was "unreasonable" under the circumstances of this case. We agree with the district judge that neither section 60(d) nor Rule 220 bears the interpretation the trustee suggests. Section 60(d) provides in part that "the transaction ... shall be held valid only to the extent of a reasonable amount to be determined by the court, and the excess may be recovered by the trustee for the benefit of the estate." 11 U.S.C. § 96(d). In the form it takes in Rule 220(c) this language is only slightly changed: "Any payment, transfer, or obligation ... shall be held valid only to the extent of a reasonable amount as determined by the court. The amount of any excess found to have been paid or transferred ... may be recovered for the benefit of the estate or the bankrupt ... and any obligation found to be excessive may be cancelled to the extent of the excess." That the court is supposed to determine a reasonable amount for the payment and recover the excess for the bankrupt strongly suggests that the court is to consider the value of the legal services rendered and determine the excess by subtracting the value of the legal services from the payment made.
 
 
 14
 The legislative history confirms this conclusion. The concern expressed in the legislative history of section 60(d) is "to protect both the creditors and the bankrupt from excessive attorneys' fees." S.Rep.No. 144, 88th Cong., 1st Sess., reprinted in (1963) U.S.Code Cong. & Ad.News 637, 638, quoting H.R.Rep.2833. The Advisory Committee's note to Rule 220, in giving the rationale for the rule, refers to the note to Rule 219, which reads in part: "(I)t is peculiarly a judicial responsibility to supervise the administration of estates and in particular to assure that allowances for compensation to those rendering services in connection therewith are fair but not excessive."
 
 
 15
 The trustee has not been able to cite any cases in which the reasonableness of the amount of the transfer has been judicially determined in any way other than by an examination of the value of the legal services rendered. Therefore, we conclude that there is no support in the statutory language, the legislative history, or the case law for the trustee's theory that the security interest in DC&H is voidable in its entirety under Rule 220, independent of the value of the legal services rendered by DC&H.
 
 IV
 
 16
 DC&H argues that the district judge erred in remanding to the bankruptcy court for consideration of the application of sections 60(a) and 60(b) to the disputed security interest. DC&H contends that section 60(d) and Rule 220 are the exclusive vehicles for examination of a transfer by a bankrupt to an attorney. DC&H's theory runs into difficulty with the all inclusive language of section 60(a)(1):
 
 
 17
 A preference is a transfer ... of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition initiating a proceeding under this title, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class.
 
 
 18
 11 U.S.C. § 96(a)(1). DC&H does not dispute that this language, taken literally, would apply to PFEL's security agreement with DC&H. DC&H argues, however, that the specific provisions of section 60(d) and Rule 220 govern over the general language of sections 60(a) and 60(b).
 
 
 19
 The construction principle that specific provisions prevail over general, see, e. g., Fourco Glass Co. v. Transmirra Corp., 353 U.S. 222, 228-29, 77 S.Ct. 787, 791-792, 1 L.Ed.2d 786 (1957), gains a foothold only when there is some kind of conflict between the general and specific statutory provisions. Sections 60(a) and 60(b) apply only to transfers "for or on account of an antecedent debt." 11 U.S.C. § 96(a)(1). Until its amendment in 1963, section 60(d) applied only to transfers "for services to be rendered." Therefore, a pre-1963 section 60(d) transfer simply did not have the basis in antecedent debt of a section 60(a) preference. See Conrad, Rubin & Lesser v. Pender, supra, 289 U.S. at 476, 53 S.Ct. at 704; In re Wood and Henderson, 210 U.S. 246, 256, 28 S.Ct. 621, 625, 52 L.Ed. 1046 (1908). In 1963, section 60(d) was amended to read "for services rendered or to be rendered." Pub.L. No. 88-17. Rule 220 is based on section 60(d) as amended and contains the same language. Section 60(d), as amended, embraces preexisting debt cases. Therefore, there is at least an overlap between sections 60(a) and 60(b) on the one hand, and section 60(d) and Rule 220, on the other. Some transfers to attorneys in contemplation of bankruptcy for services rendered will also be transfers on an antecedent debt within four months of the petition of bankruptcy.
 
 
 20
 There is, however, no logical conflict between the two statutory provisions. Section 60(d) and Rule 220 provide that the maximum amount that may be validly transferred to an attorney under these circumstances is the reasonable value of the services rendered. Sections 60(a) and 60(b) add that if the transfer was made within four months, then it is voided, for the time being. The attorney must wait in line with other creditors of the same class to fare proportionately as they do with respect to a payment that may already have been reduced pursuant to Rule 220 to the amount of the reasonable value of the services.
 
 
 21
 Prior to the 1963 amendment to section 60(d), sections 60(a) and 60(b), by their terms, applied in the case of an antecedent legal debt just as in the case of any other sort of antecedent debt. See Magee v. Fox, 229 F. 395, 396 (2d Cir. 1916). Under DC&H's theory that the amended version of section 60(d) conflicts with sections 60(a) and 60(b), and that the more specific provision must prevail, the amendment would constitute a partial repeal of sections 60(a) and 60(b) insofar as they applied to antecedent debts owed attorneys. It is a canon of construction, however, "that repeals by implication are disfavored ...." Blanchette v. Connecticut Gen. Ins. Corp., 419 U.S. 102, 133, 95 S.Ct. 335, 353, 42 L.Ed.2d 320 (1974). "A new statute will not be read as wholly or even partially amending a prior one unless there exists a 'positive repugnancy' between the provisions of the new and those of the old that cannot be reconciled." Id. at 134, 95 S.Ct. at 353. See also United States v. Georgia-Pacific Co., 421 F.2d 92, 102 (9th Cir. 1970). In the light of the possible cumulative application of Rule 220 with sections 60(a) and 60(b), we conclude that no such irreconcilable repugnancy has been shown.
 
 
 22
 Moreover, the legislative history of the 1963 amendment does not suggest that there was any intention to give the antecedent debts owed attorneys a priority over debts owed other creditors. Indeed, the purpose of the amendments was stated as "to strengthen the provisions of the Bankruptcy Act governing the review of attorneys' fees by the bankruptcy court." S.Rep.No.144, 88th Cong., 1st Sess., reprinted in (1963) U.S.Code Cong. & Ad.News 637. The entire purpose was "to protect both the creditors and the bankrupt from excessive attorneys' fees." Id. at 638, quoting H.R.Rep.2833. The bankruptcy court is given "additional authority" to regulate transfers to attorneys. The entire tenor of the discussion is one of protecting bankrupts and creditors against attorneys. There is not the slightest suggestion of an intent to give attorneys special protection.
 
 
 23
 We therefore conclude that sections 60(a) and 60(b) do apply to transfers on account of an antecedent debt to an attorney. The district judge was thus correct in remanding to the bankruptcy court for consideration of the security agreement under sections 60(a) and 60(b).
 
 V
 
 24
 In summary, the district judge erred in determining that Rule 220 applies only to bankruptcy-related services. The district judge was, however, correct in concluding that the touchstone for the appraisal of the reasonableness of the amount of the transfer, under Rule 220, is the value of the legal services rendered. The district judge was also correct that sections 60(a) and 60(b) of the old Bankruptcy Act apply to transfers for prior legal services.
 
 
 25
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.