**In re Duane GRAY d/b/a The Boilerroom, d/b/a The Main, Debtor.**

**Bankruptcy No. 85–09364.**

United States Bankruptcy Court,
E.D. Michigan, N.D.

Sept. 15, 1986.

---

ARTHUR J. SPECTOR, Bankruptcy Judge.

On April 7, 1986, Seidman & Seidman, BDO, filed its first application for allowance of fees and expenses for services it rendered on behalf of the debtor in possession, covering the period from July 30, 1985 through January 31, 1986. After due notice was sent to all interested parties, a hearing was held on the application. For the reasons which follow, we will deny the application.

The debtor is an individual who owns and operates a bar and a restaurant. He filed Chapter 11 on July 25, 1985, and on August 1, 1985, was appointed debtor in possession. As part of his voluntary petition for relief, the debtor listed his 20 largest unsecured creditors. In that list is included Seidman & Seidman for a debt of $11,-120.00. In his schedules, filed August 22, 1985, the debtor listed Seidman & Seidman as an unsecured creditor owed $11,630.00 [1] incurred in 1984–1985. On September 3, 1985, the debtor's attorney filed an "Application Of Debtor For Authority To Retain Accountants", wherein the attorney (and not the debtor in possession) stated:

> 4. To the best of DUANE GRAY's knowledge, SEIDMAN & SEIDMAN does not have any connection with the Debtor, his creditors or any other party in interest or their respective attorneys and represents no interest adverse to the estate in the matters upon which it is to be retained.

From the application, it was apparent that Seidman & Seidman was to be retained for all of the debtor in possession's accounting needs, including business accounting, tax accounting, preparation of financial information and projections for use in disclosure statements, cash collateral and adequate

---

1. No explanation of the different figures was ever offered. Furthermore, although required by Official Form No. 6, no description of the basis or of the consideration for the debt was listed.

protection litigation and "[a]ny other accounting services which the debtor may require". Accompanying the application was the "Accountant's Affidavit For Retention As Accountants For Debtor", signed by the manager of Seidman & Seidman's Saginaw office. Included therein appears this sentence: "To the best of our knowledge, neither our firm nor any members thereof holds (sic) any interest adverse to the matters upon which we are to be engaged."

At the hearing on Seidman & Seidman's first application for allowance of compensation and expenses, it first came to our attention that the firm was a pre-petition unsecured creditor of the estate. The applicant was not then in attendance. Therefore, the hearing was adjourned in order to give notice to the firm, the debtor in possession, and his attorney, of our concern, and to give them an opportunity to be heard.

At the new hearing, the manager of the accounting firm and the debtor in possession's attorney stated that they knew at all pertinent times that Seidman & Seidman possessed an unsecured claim against the estate of approximately $11,000. They argued that the representations in the application for appointment and in the attached affidavit were materially correct because notwithstanding the pre-petition claim, Seidman & Seidman felt it could do the job for which it was retained fairly and impartially. They stated that Seidman & Seidman had been Mr. Gray's accountant for decades and they had built up an excellent working relationship. Finally, Mr. Gray's tax situation was so complex that to involve a different firm at this time would be a waste of assets as there would, of necessity, be a substantial expenditure of time by the new firm just acquainting itself with the situation. For these reasons, they argued that there was "no conflict".

The accountant and counsel for the debtor in possession confuse expediency with the statutory requirements of 11 U.S.C. § 327(a). That section states:

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

Because 11 U.S.C. § 1107(a) provides that "a debtor in possession shall have all the rights ... and powers and shall perform all the functions and duties, except the duties specified in §§ 1106(a)(2), (3) and (4) of this title, of a trustee serving in a case under this chapter," it is well-established that the court approval of the employment of a professional to perform services on behalf of the debtor in possession is governed by the same standards as such an appointment for a trustee. *In re Triangle Chemicals, Inc.*, 697 F.2d 1280 (5th Cir.1983); *In re Auto West, Inc.*, 43 B.R. 761 (D.Utah 1984); *In re Leisure Dynamics, Inc.*, 33 B.R. 121, 11 B.C.D. 1116 (D.Minn.1983); *In re Martin*, 59 B.R. 140, 14 C.B.C.2d 748 (Bankr.D.Me. 1986), *aff'd*, 62 B.R. 943; *In re Roberts*, 46 B.R. 815 (Bankr.D.Utah 1985); *In re Anver Corp.*, 44 B.R. 615, 11 C.B.C.2d 1171 (Bankr.D.Mass.1984).

It is clear in this case that Seidman & Seidman, a creditor as defined by 11 U.S.C. § 101(9), holds an "interest adverse to the estate", and is not a "disinterested person" as that term is defined in 11 U.S.C. § 101(13)(A). 2 *Collier on Bankruptcy*, ¶ 327.03(3)[b] (15th ed. 1979); *In re Martin, supra; In re Roberts, supra; In re Anver Corp., supra; contra, In re Heatron, Inc.*, 5 B.R. 703, 6 B.C.D. 883, 2 C.B.C.2d 1054 (Bankr.W.D.Mo.1980). The rule of disqualification is to be rigidly applied; it cannot be waived because of the integrity or ability of the particular person or firm involved. *Collier*, ¶ 327.03(3)[a], p. 327–13; *Meredith v. Thralls*, 144 F.2d 473 (2nd Cir.1944), *cert. denied* 323 U.S. 758, 64 S.Ct. 92, 89 L.Ed. 607 (1944); *cf. Georgetown of Kettering, Ltd.*, 750 F.2d 536 (6th Cir.1984). Therefore, Seidman & Seidman was disqualified *ab initio* from professional em-

ployment by the debtor in possession in this case. *See In re Roberts, supra.*

■ Although some courts have allowed compensation to professionals who later turned out not to have been qualified to serve as debtor in possession, *e.g., In re Martin, supra,* we believe the better procedure is to not only set aside the order authorizing the appointment of the professional, but also to disallow compensation for services rendered in that ostensible capacity. Although such a result may seem harsh in some circumstances, this case is clearly not one of them. In *Martin,* the court explained why, notwithstanding its decision to retroactively disqualify the attorney from representation of the debtor in possession, it would allow it compensation for services rendered through the present:

In this case it would be grossly unfair to Verrill & Dana to completely deny their application for compensation and reimbursement of expenses. The note and mortgage were revealed to the court at the commencement of the case as required by Section 328(a) and Rule 2014. Further, the propriety of such lien has never been decided in this District to the court's knowledge, and the court has been unable to find a reported case since the enactment of the Code applying sections 327(a), 101(13) and 1107–(a) to similar facts.

*In re Martin, supra* at 754.

Here, the application by the debtor in possession, through his counsel, affirmatively stated that "to the best of [his] knowledge" the accounting firm "represented no interest adverse to the estate ..." and the firm's manager swore that it held "no interest adverse to the matters upon which [it was] to be engaged." Each document lacked any qualifying language acknowledging the existence of the pre-petition claim. Had the claim been disclosed

in the application, the Court would have declined to authorize the firm's retention and, presumably, no post-petition services would have been rendered by it. The harm, therefore, is of the firm's own making.

The lack of a court decision in this district on this issue does not mitigate the severity of the error. The statutory requirements for the appointment of a professional to serve a bankruptcy fiduciary are well known, and if not, are certainly easy to find and understand. If the applicant had any doubt on the point it should have disclosed the claim and sought a ruling. Equity should not act to protect it on these facts.

This case is almost identical to *In re Roberts, supra.* There, too, the professional failed to note in either its fee application or in its application for appointment that it held a claim arising from pre-petition services rendered the debtor. We endorse the statements made in that decision and adopt its holding here.

With respect to the question of efficiency, it is by now plain that Congress, when it enacted § 327(a), made a choice that efficiency would be sacrificed for the appearance of propriety. Without allowance of exception, the law stands that a person who is not disinterested (as defined by § 101(13)(A)) or who has or represents an adverse interest may not be hired by a bankruptcy fiduciary.[2]

For these reasons, an order disallowing Seidman & Seidman, BDO, any compensation as accountant for the debtor in possession will be entered together with an order setting aside the order authorizing its employment in such capacity.

■ Finally, the facts here establish a classic case of violation of Bankruptcy Rule 9011(a). That rule provides:

---

**2.** However, without endorsing any of them, we note that methods have been suggested by which to ameliorate the problem. For example, the applicant can formally waive its pre-petition claim and thus have no claim to disqualify it. *In re Roberts,* 46 B.R. 815, 849 (Bankr.D.Utah 1985). Alternatively, it could ignore § 327(a)

entirely, perform post-petition services without an order authorizing its appointment, and simply not apply for compensation. Better yet, of course, is for a professional to be paid in the ordinary course of business and not hold a past-due account. *Id.* at 850.

Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney, except a list, schedule, statement of financial affairs, statement of executory contracts, Chapter 13 Statement, or amendments thereto, shall be signed by at least one attorney of record in his individual name, whose office address and telephone number shall be stated. A party who is not represented by an attorney shall sign all papers and state his address and telephone number. The signature of an attorney or a party constitutes a certificate by him that he has read the document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harrass (sic), to cause delay, or to increase the cost of litigation. If a document is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the person whose signature is required. If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.[3]

By signing the Application Of Debtor For Authority To Retain Accountants, debtor in possession's counsel certified that "to the best of his knowledge, information, and belief formed after reasonable inquiry" his statement that "To the best of DUANE GRAY's knowledge, SEIDMAN & SEIDMAN does not have any connection with the Debtor, his creditors or any other party in interest or their respective attorneys and represents no interest adverse to the estate in the matters upon which it is to be retained," was "well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law ...". We know that this representation was untrue when made and therefore hold that the debtor in possession's attorney violated this rule. Under the circumstances, the only sanction imposed is a admonition and a warning that a repetition will likely bring more potent medicine.

Likewise, and for the same reason, by signing the affidavit attesting that "To the best of our knowledge, neither our firm nor any members thereof holds (sic) any interest adverse to the matters upon which we are to be engaged", Seidman & Seidman violated Bankruptcy Rule 9011(a). Again,

---

3. Whether the term "party" in Bankruptcy Rule 9011(a) includes non-attorney professionals employed by parties is unclear. To ensure that they would be subject to this rule, our district court adopted a local bankruptcy rule, L.B.R. 104 (E.D.M.) which provides as follows:

> For failure to comply with any applicable rules, sanctions may be imposed upon (1) any counsel appearing before the Court, (2) any person appearing without counsel, (3) any person acting in a fiduciary capacity in a case or proceeding, and *(4) other professional persons appointed by the Court.* Sanctions in the form of an admonition, the assessment of costs, or any other sanction deemed appropriate may be imposed upon notice and opportunity for hearing when it is determined that such noncompliance has obstructed the effective conduct of the business of the Court. These sanctions are in addition to the sanctions which the Court may impose upon counsel pursuant to Rule 5, Local Rules of the United States District Court for the Eastern District of Michigan, the Bankruptcy Rules, or the Federal Rules of Civil Procedure. For the purpose of Rule 12, Local Rules of the United States District Court for the Eastern District of Michigan, neither the signing or filing of a proof of claim or a ballot, nor attendance and participation at a meeting of creditors or official committee, constitutes the practice of law.

In this case, using L.B.R. 104 (E.D.M.) to impose a sanction on the debtor in possession's accountant may be unnecessary because Bankruptcy Rule 9011(a) also states that "the court ... shall impose on *the person who signed* [the document] ... an appropriate sanction ...". Here there is no doubt that Seidman & Seidman, through its manager, signed an offending document.

however, under the circumstances herein, where the firm is being denied fees of $3,795.00 and reimbursement of expenses of $268.00, no further sanction is necessary. Therefore, no separate sanction for the violation of this rule will be imposed.

An order consistent with this opinion shall be entered contemporaneously herewith.